IN THE **UNITED STATES** DISTRICT COURT
FOR THE **SOUTHERN** DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE E. CARDENAS-NAJERA, | § |
| Movant, | § |
| | § |
| v. | § CRIMINAL NO. B-03-185 |
| | § CIVIL ACTION NO. B-04-095 |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

O R D E R

It is hereby ORDERED:

1.    Petitioner, Jose E. Cardenas-Najera, shall no later than _____ file an affidavit under the penalties of perjury stating when, where, and in what manner he requested his attorney, Jaime Diez, to file a notice of appeal on his behalf in CR-B-03-185;

2.    Petitioner shall state in his affidavit the names of any witness(es) to the request made to the attorney;

3.    If the request was made in writing, petitioner shall attach with his sworn affidavit all documentation, if any, in his possession supporting that the request was made;

4.    If petitioner desires that counsel be appointed to represent him in preparation of his affidavit and/or at an evidentiary hearing, if necessary, petitioner must so advise the Court in writing before _____;

5.   Petitioner must serve the government with copies of all documents filed with the Court; and

6.   The Clerk shall serve all parties with certified copies of this Order.

7.   There is no genuine issue of material fact with respect to Petitioner's claim that the district court erred by enhancing him 16 levels for his 1986 California conviction for sale of a controlled substance, and the United States is entitled to partial summary judgment on that issue because Petitioner waived his right to appeal his sentence and a misapplication of the Sentencing Guidelines is not cognizable in a 28 U.S.C. § 2255 proceeding.

8.   There is no genuine issue of material fact with respect to Petitioner's claim that his counsel rendered ineffective assistance for failing to object to a 16-level enhancement for his 1986 California conviction for sale of a controlled substance and for failing to object to a sentence above the alleged two-year statutory maximum, and the United States is entitled to partial summary judgment on that issue because Petitioner has failed to demonstrate that his counsel's performance was deficient or that he was prejudiced.

Signed at Brownsville, Texas on _____, 2004.


_____
HILDA G. TAGLE
United States District Judge

Finally, I did not object to the sixteen level increase because he had two prior aggravated felony convictions that met the definition of a 16 level increase. In addition, I did not object nor appeal this increase or a sentence in excess to two years because there was no legal basis for an objection and/or appeal. Finally, Mr. CARDENAS-Najera did not instruct me to file an appeal.


FURTHER DECLARANT SAYETH NOT.


JAIME DIEZ
ATTORNEY AT LAW

        SUBSCRIBED AND SWORN BEFORE ME, THE UNDERSIGNED
NOTARY PUBLIC, ON THIS THE __1st__ DAY OF __October__.
2004.

MARIBEL STURGEON
MY COMMISSION EXPIRES
March 24, 2007

## CERTIFICATE OF SERVICE

I, David H. Peck, Assistant United States Attorney, certify that a copy of this

answer to Jose E. Cardenas-Najera's motion for relief under § 2255, and motion for

summary judgment has been served by placing it in the United States mail, postage

prepaid, on October 5, 2005, addressed to:

Jose E. Cardenas-Najera, pro se
Registration No. 23070-179
F.C.I. Beaumont
P.O. Box 26030
Beaumont, Texas 77720

David H. Peck
Assistant United States Attorney