# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE Division

Jose E. Cardenas-Najera, §
        Movant, §
                         §
    vs                   § Crim. # B-3-185
United States of America § Civil # B-04-095
        Respondent.      §
                         §

## Movant's Reply Brief and Comply Order

Comes now, movant with his timely reply and comply order to provide sworn affidavit.

## Movant did Declare his Documents:

The government states on its response that movant "did not attach an affidavit to his §2255 motion support of his unsworn claim that he requested his counsel to file notice of appeal." Gov. response at 5.

1

Although the sentencing court did admonish defendant about the waiver of appeal absent the three conditions (illegal sentence, prosecutural misconduct or ineffective assistance of counsel), the Court did not asked the defendant wether he wanted to appeal the sentence imposed and that he had the right to appoinment of appellate counsel and ten days to file his notice of appeal.

Movant asserts and the government does not dispute that the "bare bones" §2255 Form at page "7" contains a sworn section and signature which validates his claim and material facts. Additionally, movant filed among other motions, his "Memorandum of Law with Points of Law and Authorities". The memorandum was served to the Clerks office and the U.S. Attorney's office in Brownsville, Texas. (no notice was provided counsel in Houston would respond).

## Movant did Instruct Counsel to Appeal:

Despite government's unsworn claim assertion and defense counsel spurious denial, movant asserts to have instructed counsel to appeal the sentence imposed.

Movant does require deposition and assistance of counsel to prepare and serve the required affidavit and represent before the Court on his evidentiary hearing, if any, and the representation on his §2255 in order to construe for the government the "cryptic, one-sentence general description for his grounds for relief". Gov. at 5. The government here clearly demonstrates the need for C.J.A. appoinment of counsel and the Court's discretion to liberaly construe the claim as seeking the proper remedy. See Haines v Keren, Infra.

It's hard to demonstrate without live witness the conversation with Counsel, perhaps, my spouse is the sole witness that I can call if necessary and my sworn declaration attached. I do declare to have requested CJA Counsel Díaz to appeal the sentence imposed based on the enhancements on the 1986 non-agravated 17-year old prior felony which enhanced to Criminal History Category to V (10,11,12) prior convictions or assessment points. Had the Court or PSR recommended Category II a sentence range of 41-51 months would have come into play.

4

The second ground besides the Apprendi and Blakely claims were the one-point downward departure afforded to the group and withdrawn from movant because of counsel conflict prior to guilty plea colloqui. Not only the conflict is ignored but vindictiveness is laid on defendant for switching counsel the same day. One point reduction placed movant under Base Offense Level 20, Category II, 37-46 months. Category V, 63-78 months.

Movant asserts that an evidentiary hearing is necessary to call the Public Defenders counsel who originally initiated the conflict to support the reasons I opposed an increased sentence. Counsel Diaz cannot honestly say I consented the illegal sentence.

## Grant §2255, Resentence or Reinstate Appeal Rights

Movant states, in the interest of judicial economy to grant *de novo* review pursuant to §2255 on the constitutionality of the sentence imposed based on the enhencements and criminal history categories after Apprendi and Blakely related issues, and the effective assistance of counsel issues during pretrial, plea and plea colloqui and sentencing.

If after de novo review the Court finds no constitutional claim, then movant moves for reconsideration on the denial of direct appeal rights during sentencing and for failure to ask the defendant or instruct counsel to inquire whether appellate counsel was required and if so, for him to notify the Courts. The proper remedy would be to reenstate the appeal rights and appoint counsel anew.

Wherefore, movant moves for all relief sough herein and all other relief the Court deems just and proper for pro-se litigant.

## Certificate of Service

Movant declares to have served below listed parties:

A.U.S.A. David H. Peck
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208-1129

Atty Joe Diaz
862 W. Price Rd.
Brownsville, Tx. 78520

## Sworn Declaration

I, José E. Cardenas-Najera, does declare the foregoing material facts to be true and correct to the best of my knowledge and understanding and sign under penalty of perjury. 28 USC §1746.

                                  *José E. Cardenas-Najera*
                                  Jose E. Cardenas-Najera

Executed this 15th., day of October 2004

Respectfully presented this 15th., day of October 2004 pursuant to the mailing procedures set in Houston v Lack, 487 US 266 (1988) and on this day I declare to have served the Clerk of the Court with an original and one copy placed on the hands of prison officials with first class postage prepaid.

                                  *José E. Cardenas-Najera*
                                  Jose E. Cardenas-Najera
                                  Reg. No. 23070-179
                                  P.O. Box 26030
                                  Beaumont, Texas 77720-6030

-6-