UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 4 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| JOSE E. CARDENAS-NAJERA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-095 |
| | § | (CRIMINAL NO. B-03-185) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Jose E. Cardenas-Najera's (hereinafter Petitioner) Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1). Along with its answer the Government filed a Motion to Dismiss and in the alternative a Motion for Summary Judgment (Docket No. 11), which will also herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED.

## BACKGROUND

Petitioner was charged with violating 8 U.S.C. § 1326(a) and (b) by being found unlawfully in the United States after deportation, having previously been convicted of an aggravated felony (Crim. Docket No 1). On April 30, 2003 he pleaded guilty before a United States magistrate judge to the above charge after entering into a plea agreement. (Crim. Docket No. 11,12). Under the terms of the plea agreement Petitioner waived his right to appeal his sentence except in the case of ineffective assistance of counsel, prosecutorial misconduct, or a court imposed sentence that was above the statutory maximum (Crim. Docket No. 12).

1

Petitioner was sentenced, on July 28, 2003, to 70 months confinement, to be followed by a three-year period of supervised release (Crim. Docket No. 22). On August 23, 2003 the district court entered judgment of conviction and sentence (Crim. Docket No. 24). Petitioner did not appeal his conviction or sentence. He filed this motion to vacate sentence under 28 U.S.C. § 2255 on June 14, 2004 (Docket No. 1). The motion was timely.

## ALLEGATIONS

In his motion Petitioner claims that he is entitled to relief under 28 U.S.C. § 2255 because he was denied effective assistance of counsel in that his attorney:

(a) did not appeal the use of a previous conviction to enhance Petitioner's sentence,

(b) was instructed to file an appeal but failed to do so, and

(c) did not appeal the constitutional issue of Petitioner's sentence enhancement.

Additionally, Petitioner argues that habeas corpus relief is appropriate because the federal sentencing guidelines were misapplied in his case.

## ANALYSIS

*A.   Ineffective assistance of counsel claims*

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

2

> "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance
> prejudiced the defense. This requires showing that counsel's errors
> were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for

3

counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987). It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

4

i.  **Exclusion of previous convictions**

Petitioner asserts that his attorney should have objected to or appealed the 16-level enhancement that was added to his sentence because of a 1986 California drug trafficking conviction and that failure to do so constituted ineffective assistance of counsel (Docket No. 1). The record reveals, however, that Petitioner was prevented from appealing his sentence by the plea agreement he entered into (Crim. Docket No. 12). Furthermore, there was no legal basis for an appeal or objection because Petitioner finished serving the sentence handed down for that offense on May 3, 1988, less than 15 years before his arrest for illegal reentry. (Tr. 46-47)[1]. As such it could properly be used for sentence enhancement. *United States v. Ybarra,* 70 F.3d 362, 366 (5th Cir. 1995). Any objection or appeal, therefore, would have been frivolous.

There was much discussion at the evidentiary hearing held on January 12, 2005 about whether the probation officer obtained a certified copy of the date Petitioner was paroled in preparation for the hearing. Petitioner's counsel was concerned because the California sentence ended 14 years and 9 months before Petitioner was arrested for illegal reentry. Thus it was only three months away from the 15 year cut off date for use of past convictions and he wanted to ensure that the date was accurate. Though the probation officer did not have a signed copy of the document stating that Petitioner was paroled on May 3, 1988, he testified at the hearing that he personally phoned the California Department of Corrections and obtained an uncertified copy of Petitioner's California parole records (Tr. 45). Furthermore the probation officer testified that at the time Petitioner was sentenced in the illegal reentry case there was a certified copy on file (Tr.

---

[1] "Tr." refers to the transcript of the evidentiary hearing.

46).[2] At the evidentiary hearing Petitioner testified that he was in fact serving time for the 1986 California offense until May 3, 1988 (Tr. 22). There seems to be little doubt then as to the correctness of Petitioner's parole date.

Even if we assume, arguendo, that the 1986 California conviction should have been disqualified, Petitioner's ineffective assistance of counsel claim still fails. As the Government notes, Petitioner's 2000 Texas robbery conviction alone would have been sufficient to support the 16-level sentence enhancement he received. Petitioner does not assert that consideration of the prior Texas robbery conviction was in any way inappropriate. He can therefore show neither attorney error nor prejudice in this case. As such, Petitioner's first ineffective assistance of counsel claim fails.

### ii.   Appeal issues

In his second ground of error related to ineffective assistance of counsel Petitioner claims that he timely instructed his attorney to file an appeal but that an appeal was not filed. A direct appeal from a United States District Court to a court of appeals is a right which is fundamental to the requirements of due process of law. *Arrista v. United States,* 455 F.2d 736, 739 (5th Cir. 1972). The Fifth Circuit has held that if a defendant requests that his attorney pursue an appeal and the appeal is not carried out, then the defendant has been denied effective assistance of counsel and is entitled to an out-of-time appeal. *Kent v. United States,* 423 F.2d 1050 (5th Cir. 1970). This is true even when a breakdown in communication or inadvertence is to blame for the attorney's failure to perfect the appeal. *Id.*

---

[2] At some point this copy was purged pursuant to department policy regarding obsolete documents.

The fact that Petitioner pleaded guilty to the indictment against him does not affect his right to appeal but it does limit the issues that he can raise on appeal to jurisdictional and Rule 11[3] grounds. *Barrientos v. United States,* 668 F.2d 838 (5th Cir. 1982). Though there appears to be little merit to Petitioner's grounds for appeal it is not the job of the court, at this time, to decide whether or not Petitioner will be able to succeed on appeal. The concern of the court in this instance is solely whether Petitioner requested that his attorney perfect an appeal and whether that appeal was actually filed. The Supreme Court has noted that it is unfair to require a indigent, *pro se* petitioner, such as Petitioner, to "demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal." *Roe v. Flores-Ortega,* 528 U.S. 470, 486 (2000). Even though Petitioner pleaded guilty he still needs only to show that but for the deficient conduct of his counsel, he would have appealed. *Id.* It is the opinion of the court, however, that Petitioner fails to surmount even this modest hurdle to habeas corpus relief.

An evidentiary hearing was held on January 12, 2005 to determine the validity of Petitioner's claim that his attorney failed to file an appeal on his behalf despite being instructed to do so. At the hearing Petitioner testified that he brought up the issue of an appeal while his attorney was visiting him in jail a week after he was sentenced (Tr. 19-20). Petitioner's trial counsel, Mr. Jaime Diez, confirmed in his testimony at the hearing that he went to visit Petitioner after sentencing but maintained that Petitioner did not explicitly instruct him to file an appeal (Tr. 29, 32). Mr. Diez went on to testify that he advised Petitioner of his appellate rights before and after Petitioner entered into the plea agreement (Tr. 28) but that during their post-sentencing visit

---

[3] Fed. R. Crim. P. 11 (2004).

he intimated to Petitioner that he saw no valid basis for an appeal (Tr. 28-29). Petitioner claims that at this point in the meeting he asked for a copy of his PSI report (Tr. 15). Although he did not recollect Petitioner requesting the PSI, Mr. Diez did not refute this particular assertion at the hearing. Mr. Diez did, however, disagree that the PSI report was given in response to the Petitioner's request for an appeal. The court specifically asked Mr. Diez more than once at the hearing if Petitioner had requested that he file an appeal (Tr. 32). Each time Mr. Diez responded that Petitioner had not asked him to file an appeal.

> THE COURT: He said he asked you to file an appeal.
>
> MR. DIEZ: No sir.
>
> THE COURT: He never asked you to do that?
>
> MR. DIEZ: No, not in those words, and I don't remember honestly saying – him telling me, you know, 'Jaime, file it' and I said no.

(Tr. 32, lines 3-9). Later in his testimony Mr. Diez stated that the Petitioner "didn't say 'I still want you to file an appeal' and I never got from him that he wanted to file an appeal." (Tr. 32, lines 13-14).

There seems to be no question that Mr. Diez and Petitioner discussed the possibility of appeal and that Mr. Diez advised against appealing (Tr. 28). Furthermore, Mr. Diez does not contradict Petitioner's assertion that Petitioner informed him of his intention to file the appeal on his own (Tr. 15). Mr. Diez maintains, however, that Petitioner did not specifically ask that an appeal be filed. In addition to his testimony at the hearing Mr. Diez has submitted a sworn statement to the court in which he declares that Petitioner did not at any time ask him to file an appeal. (Docket No. 11, Exh. C). Despite being represented by counsel at the hearing, Petitioner

did not present any sworn affidavits to the contrary.[4] In fact, Petitioner has not presented any evidence, other than his testimony, to support his contention that he asked his attorney to file an appeal. From his testimony it appears that Petitioner was more dissatisfied with the length of his incarceration than his attorney's performance. His consternation at being sentenced to 70 months in prison is not, however, grounds for an ineffective assistance of counsel claim. Petitioner testified that he discussed the recommendations contained in the pre-sentencing investigation (PSI) report with his trial counsel prior to sentencing (Tr. 10). As such, he was aware of the relative certainty that he would have to serve at least 70 months in prison and should not have been surprised when he was sentenced accordingly. Petitioner presents no convincing evidence that he afterwards asked his attorney to file an appeal or that there was any breakdown in communication. This ground of error, therefore, likewise fails.

### iii.  Attorney's failure to appeal Petitioner's sentence

Petitioner argues that his 70-month sentence under 8 U.S.C. § 1326(b)(2) was unconstitutional because it exceeded the two-year statutory maximum outlined in 8 U.S.C. § 1326(a). As a result, he asserts that his attorney should have appealed his sentence. These claims are, however, based on an erroneous interpretation of law. The Supreme Court noted in *Almendarez-Torres v. United States* that § 1326(b)(2) is a penalty provision rather than an element of the offense. 523 U.S. 224 (1998). As such, Petitioner's earlier aggravated felony conviction was sufficient to justify the 20-year statutory maximum sentence under § 1326(b)(2)

---

[4] Attached to the back of Petitioner's "Reply Brief" (Docket No. 12) is a written statement in which he declares "under penalty of perjury" that his allegations are true. No notary public or other witness was present at the signing of this document, however, and as such it is not a sworn statement.

without being mentioned in the indictment. *Id.* at 226-227. Once again Petitioner had no basis for appeal and his attorney did not perform deficiently. Accordingly, this final ineffective assistance of counsel claim also fails.

### B.    *Misapplication of the sentencing guidelines claim*

Petitioner's claim that the sentencing guidelines were improperly applied is not cognizable under § 2255. *United States v. Payne,* 99 F.3d 1273, 1281-1282 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that would not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992) (quoted in *Payne,* 99 F.3d at 1282). Petitioner was sentenced within the guideline range and did not appeal his sentence. Since a district court's technical application of the Guidelines does not give rise to a constitutional issue Petitioner's final claim cannot be considered for relief under § 2255 and should be dismissed. *Id.*

### RECOMMENDATION

For the aforementioned reasons, Petitioner's application for 28 U.S.C. § 2255 relief (Docket No. 1) should be DENIED. Furthermore, the Defendant's Motion to Dismiss (Docket No. 11) should be GRANTED.

### NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this ____4th____ day of February, 2005.

                                      Felix Recio
                                United States Magistrate Judge